BOARD OF EDUCATION OF THE WOODSTOWN-PILES-GROVE REGIONAL SCHOOL DISTRICT, PLAINTIFF-RE-SPONDENT, v. WOODSTOWN-PILESGROVE REGIONAL EDUCATION ASSOCIATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 30, 1978—Decided November 21, 1978.

Before Judges CONFORD, PRESSLER and KING.

*Messrs. Tomar, Parks, Seliger, Simonoff & Adourian,* attorneys for appellant (*Ms. Mary L. Crangle* on the brief).

*Messrs. Zehner & Zehner,* attorneys for respondent (*Mr. Daniel A. Zehner* on the brief).

PER CURIAM. This appeal implicates a dispute between plaintiff Board of Education (Board) and defendant Education Association (Association) over a decision by the Board on February 16, 1976, in adopting the school calendar for the 1976–1977 school year, to schedule November 24, 1976, the day before Thanksgiving, as a regular school day. As this meant the staff would work a full day, the Board's action constituted a change of the practice of previous years for that day pursuant to which the schools would be closed at 1 P.M. and both pupils and educational staff would be relieved of attendance for the remainder of the day.

At the time of the mentioned action by the Board there was in existence a collective bargaining agreement between the Board and the Association covering the period July 1, 1975 through June 30, 1978. Under Article XXI of that agreement it was provided that unless otherwise provided in the agreement nothing contained therein should be interpreted or applied so as to eliminate, reduce or otherwise detract from any teacher benefit existing prior to its effective date.

The Association objected to the change thus adopted for the day prior to Thanksgiving, relying upon Article XXI, and it instituted a grievance procedure. The superintendent of schools conducted a hearing on December 21, 1976 and denied the grievance on December 28, 1976. The Association

then took the position that since the agreement provided that the superintendent was to decide any grievance within five days of the hearing, and, further, that failure to issue a decision within that time should render the grievance settled in favor of the grievant, it must be considered that the Association had prevailed upon the grievance. Consequently, a second grievance was filed by the Association to effect the claimed result, and, when it received no satisfaction under the grievance procedure, it instituted arbitration. The arbitration was decided in favor of the Association's position on the ground that the decision of the superintendent had been out of time. Consequently, each teacher who attended school on the afternoon of November 24, 1976 (the day before Thanksgiving) was ordered compensated for the extra two hours.

Thereafter the Board filed a complaint in the Superior Court seeking vacation of the award and the Association answered and counterclaimed for confirmation. A trial judge, after hearing, entered an order vacating the award. The court held that regardless of the correctness of the arbitrator's decision concerning the lateness of the superintendent's ruling on the grievance, the arbitrator had no jurisdiction in the matter because the dispute concerned a subject of exclusive managerial discretion rather than a term and condition of employment and that therefore the determination of the Board on the dispute was conclusive against the Association.

We observe, preliminarily, that whenever issues of negotiability of disputes arise hereafter litigants will be expected to abide by the recent direction of the Supreme Court in *State v. State Supervisory Employees Ass'n,* 78 *N. J.* 54 (1978) that the Public Employment Relations Commission (PERC) "is the forum for the initial determination of whether a matter in dispute is within the scope of collective negotiations. PERC's jurisdiction in this area is primary * * * no court of this State is empowered to make this initial determination." (At 83). Despite that

enjoinder, however, we deem it in the interests of justice and of the public convenience that the instant controversy, which obviously was adjudicated prior to the decision in *State Supervisory Employees Ass'n, supra,* be resolved by us on its merits, rather than be remanded to PERC. We do so not only for the reason just stated, but also because we regard it as quite clear, as a matter of law, that error inhered in the determination of the trial judge that this dispute did not constitute an issue as to terms and conditions of employment, within the area of mandatory negotiability, but one of exclusive managerial discretion.

As an initial consideration, we have no doubt that the previous procedure of terminating the school day on the day before Thanksgiving at 1 P.M. was comprehended by Article XXI, cited above, as a preserved prior practice. While the decision by the Board that the day before Thanksgiving should be a regular school day was undoubtedly one relating to calendar and therefore within the exclusive managerial prerogative of the Board, nevertheless the effect of that determination in increasing the working hours of the teachers for that day by two hours over what the working hours had been previously rendered the decision also one affecting terms and conditions of employment. The distinction is very clearly made in the leading case on the point, *Burlington Cty. College Fac. Ass'n v. Bd. of Trustees,* 64 *N. J.* 10 (1973). The Court stated:

> While the calendar undoubtedly fixes when the college is open with courses available to students, it does not in itself fix the days and hours of work by individual faculty members or their work loads or their compensation. These matters, the defendant readily acknowledges, are mandatorily negotiable under the Act though the negotiations are to be conducted in the light of the calendar. [at 12]

It thus appears not only that the subject here in dispute, in its aspect of affecting the hours of work of the teachers, concerns a matter of terms and conditions of employment, and therefore subject to mandatory negotia-

110

tions, but also that the Board had violated the agreement in effecting this change since it deprived the teachers of a benefit in existence prior to the adoption of the contract. Although the arbitrator decided the dispute in favor of the Association on technical procedural grounds, the merits of which we need not here address, his adjudication was compatible with the substantive relief to which the teachers were entitled as a matter of law, and the determination of the trial judge to the contrary was in error. The order of the arbitrator should be reinstated and confirmed.

Judgment reversed; no costs.